# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

STACY CLYDE PALMER,

      Plaintiff,

       v.

DAMON T. HININGER; HOMER BRYSON;
HILTON HALL; ANDRE FORD; PATRICK
CUMMISKEY; JORGE DOMINICIS; CARL
KELDIE; JOHN HULETT; M. MCCLEOD;
and JULIA HESTER,

      Defendants.

CIVIL ACTION NO.: 5:16-cv-39

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed the above-captioned cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court deferred ruling on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and conducting the requisite frivolity review of Plaintiff's Complaint because Plaintiff failed to make specific allegations regarding alleged constitutional violations against the named Defendants. Instead, the Court directed Plaintiff to file an Amended Complaint within fourteen (14) days of that Order. (Doc. 4.) Plaintiff has now filed an Amended Complaint. (Doc. 5.) In his Amended Complaint, Plaintiff only names Julia Hester, M. McCleod, John Hulett, and Andre Ford as Defendants.[1] Accordingly, I

---

[1] Plaintiff's Amended Complaint supersedes his original Complaint. Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at \*1 (S.D. Ga. Mar. 29, 2016), *report and recommendation adopted*, No. 6:15-CV-23, 2016 WL 3360521 (S.D. Ga. June 14, 2016) (citing Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); and Varnes v. Local 91, Glass Bottle Blowers Ass'n, 614 F.2d 1365, 1370 n.6 (11th Cir.

**RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Hininger, Bryson, Hall, Cummiskey, Dominicis, and Keldie **without prejudice**. I also **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Ford and Plaintiff's violation of policy claims against Defendants Hester, McCleod, and Hulett. The Court **DIRECTS** the United States Marshal to serve Defendants Hester, McCleod, and Hulett with a copy of Plaintiff's Amended Complaint and this Order.

## DISCUSSION

In his Amended Complaint, Plaintiff complains about the medical treatment he received at Coffee Correctional Facility. (Doc. 5.) He contends that, in December 2015, he placed a sick call request because he began having pain in his right eye, seeing flashes of light, losing his peripheral vision, and experiencing headaches and dizziness. (Id. at p. 5.) Plaintiff asserts he was scheduled to see an eye doctor, but, when he reported to the medical unit, he was told his appointment was cancelled due to overbooking. Medical personnel refused to see him even after Plaintiff told them repeatedly about his severe pain and symptoms. Plaintiff asserts he put in another sick call request on February 16, 2016, "which repeated the obvious medical need he was experiencing and needed to be addressed" by medical personnel. (Id.) Plaintiff maintains Defendants Hester, McCleod, and Hulett told him in response to his request that his appointment was pending. He states he filed a grievance in March 2016, as he still had not seen an eye doctor, and was told once again his appointment was pending. (Id. at p. 6.)

Plaintiff asserts that when he finally saw an eye doctor on April 1, 2016, the doctor informed Plaintiff that he could have saved Plaintiff's eyesight (or most of it) if Plaintiff had seen the doctor in January 2016. However, because of the delay, Plaintiff alleges the doctor told

---

1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.")).

him he had a detached retina and that the loss of vision Plaintiff was experiencing was permanent. (Id. at p. 8.) Plaintiff maintains Defendants Hester, McCleod, and Hulett violated Standard Operating Procedure VH-03-0003 by failing to adequately investigate and treat his obvious medical needs. (Id. at p. 5.) Plaintiff also maintains the actions of Defendants Hester, McCleod, and Hulett are attributable to Defendant Ford, who is the Assistant Warden of Care and Treatment and who has oversight over the related grievances he filed. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

3

of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as

4

to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's

Amended Complaint raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

**I.     Plaintiff's Claims Against Defendant Ford**

Section 1983 liability must be based on something more than a defendant's supervisory

position or a theory of *respondeat superior*.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir.

2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A

supervisor may be liable only through personal participation in the alleged constitutional

violation or when there is a causal connection between the supervisor's conduct and the alleged

violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege

(1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the

existence of a custom or policy that resulted in deliberate indifference to the plaintiff's

constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful

action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the

supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F.

App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff attempts to hold Defendant Ford liable based solely on his position as

Assistant Warden of Care and Treatment at Coffee Correctional Facility. However, Plaintiff

does not allege that Defendant Ford personally participated in any alleged constitutional

violations. In fact, the only assertion Plaintiff makes against Defendant Ford is that the other

Defendants' failure to treat Plaintiff's eye condition "also falls on [Defendant Ford,] who has

oversight over medical, as well as related grievances[.]" (Doc. 1, p. 6.) This is an insufficient

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds
true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v.
Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

basis for liability under Section 1983.  See Allen v. Brown, No. CV 112-052, 2013 WL 1333175,

at * 5 n.9 (S.D. Ga. Mar. 7, 2013) (noting that, even assuming a prisoner-plaintiff alleged the

filing of a grievance with supervisory officials put the officials on notice of alleged constitutional

violations, he still could not proceed against the supervisors on this basis because plaintiff did

not state the supervisors personally participated in the violations or that there was a causal

connection between the alleged violations and the supervisors' actions) (citing Asad v. Crosby,

158 F. App'x 166, 170–72 (11th Cir. 2005), and Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.

1999)); see also Weems v. St. Lawrence, No. CV 409-065, 2009 WL 2422795, at * 4 n.7 (S.D.

Ga. Aug. 6, 2009) (finding that plaintiff's assertion that he sent grievances and letters to ranking

officers was not enough to establish any direct participation in alleged constitutional violations

on the part of those ranking officials).  Thus, the Court should **DISMISS** Plaintiff's claims

against Defendant Ford.

**II.      Plaintiff's Policy Violation Claims Against Defendants Hester, McCleod, and Hulett**

Plaintiff contends Defendants Hester, McCleod, and Hulett failed to provide him with

adequate medical care and treatment for his eye condition, in violation of a Standard Operating

Procedure.  Allegations concerning a violation of policy do not set forth viable Section 1983

claims.  See Stallworth v. Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala.

July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (11th Cir. 2003) (a violation of

a policy is insufficient to show a defendant acted with deliberate indifference)).  Accordingly, the

Court should **DISMISS** Plaintiff's policy violation claims against Defendants Hester, McCleod,

and Hulett.

### III.    Plaintiff's Deliberate Indifference Claims

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as

mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

To prove a delay in providing medical treatment caused harm, a plaintiff must present evidence of: "'(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Keele v. Glynn Cty., Ga., 938 F. Supp. 2d 1270, 1292 (S.D. Ga. 2013) (quoting Goebert, 510 F.3d at 1327). However, "'accidental inadequacy, negligence in diagnosis or treatment, [and] medical malpractice'" are insufficient to sustain a claim of deliberate indifference. Id. (alteration in original) (quoting Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011)). In addition, a plaintiff who asserts that a delay in obtaining medical treatment amounts to a constitutional violation is required to submit verifying medical evidence into the record "to establish the detrimental effect of [any] delay in medical treatment to succeed." McDaniels v. Lee, 405 F. App'x 456, 458–59 (11th Cir. 2010) (internal citation omitted).

Plaintiff sets forth plausible claims that he had serious medical needs and that Defendants Hester, McCleod, and Hulett were deliberately indifferent to those needs. Specifically, Plaintiff alleges that these Defendants were aware of the problems he was experiencing with his eye, yet they ignored his condition and did not provide him with medical care and treatment. In addition,

Plaintiff sets forth a plausible claim that Defendants delayed treatment for Plaintiff's eye condition, which may have exacerbated that condition. Thus, Plaintiff's deliberate indifference claims survive frivolity review.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants Hininger, Bryson, Hall, Cummiskey, Dominicis, and Keldie **without prejudice**. I also **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Ford and Plaintiff's violation of policy claims against Defendants Hester, McCleod, and Hulett.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**REMAINING CLAIMS AND DEFENDANTS**

Plaintiff's allegations in his Complaint arguably state colorable claims for relief under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs against Defendants Hester, McCleod, and Hulett. Consequently, a copy of Plaintiff's Amended Complaint and a copy of this Order shall be served upon Defendants Hester, McCleod, and Hulett by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

<u>**INSTRUCTIONS TO DEFENDANTS**</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that the United States Marshal effect service. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are

10

further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly**

12

**from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants'

motion. Plaintiff's case may be dismissed for lack of prosecution and failure to follow the court's orders if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA